UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Prime Exotic Rentals
(a/a/o Fabiola Jeannot)

   Plaintiff,

v.              Case No.:

GEICO GENERAL INSURANCE COMPANY

   Defendant.
_____/

## GEICO GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL AND INCORPORATED MEMORANDUM OF LAW

  Defendant, GEICO GENERAL INSURANCE COMPANY ("GEICO"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, respectfully petitions this Court for removal of the above-captioned action from the Circuit Court in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, Miami Division.  In support thereof, GEICO states as follows:

  1. On February 5, 2019, Plaintiff filed a Complaint against GEICO in the Circuit Court in and for Miami-Dade County, Florida, Case No.: 2019-3733-CA-01, in which the Plaintiff alleged a need for declaratory relief against GEICO.  [Plaintiff's Complaint is attached hereto as Exhibit "A"].  GEICO was served with Plaintiff's Complaint on June 14, 2019.  [*See id*. at 1].

  2. Plaintiff, Prime Exotic Rentals (hereafter "Plaintiff"), is a fictitious name in use by Empty Holdings, LLC, a Florida corporation with its principal address located in Miramar

Florida. [Plaintiff's Sunbiz registrations are attached hereto as Composite Exhibit "B"]. Accordingly, Plaintiff is a citizen of Florida.

3. GEICO is incorporated in the state of Maryland, with its principal place of business in Chevy Chase, Maryland. Thus, GEICO is a citizen of the state of Maryland.

4. As such, there is complete diversity of citizenship among the parties.

5. The amount in controversy in the instant action exceeds $75,000.00, without interest and costs. While Plaintiff's Complaint is silent as to the amount of insurance benefits Plaintiff seeks due to damage to a 2017 Maserati Levante ("Maserati"), Plaintiff's complaint demands attorney's fees pursuant to Fla. Stat. 627.428 and the full purchase price of the Maserati[1]. [*See* Exhibit "A" at 5]. The purchase price of a new 2017 Maserati Levante is over $75,000, and ranges from $77,848.00 to $85,050.00. [*See* Various Purchase Options for 2017 Maserati Levante S, attached hereto as composite exhibit "C"]. Furthermore, as discussed in the following Memorandum of Law, when a statute authorizes the recovery of attorney's fees, federal law permits the Court to attribute a reasonable amount of those fees in its calculation of the amount in controversy.

6. Alternatively, the statutory requirement that the amount of controversy exceed $75,000 has been met because GEICO estimated the damages to the Maserati at $64,511.41, which coupled with Plaintiff's request for attorney's fees pursuant to Fla. Sta. 627.428 clearly exceeds $75,000.00. [GEICO's Estimate of Record and the affidavit of potential attorney's fees are attached hereto as Exhibit "D" and "E", respectively].

7. In accordance with 28 U.S.C. § 1446(b), GEICO's Notice of Removal of this action is being filed within thirty (30) days of Plaintiff serving the Complaint on GEICO.

---

[1] The complaint has a scrivener's error in its prayer where the Plaintiff prays for the full purchase price of a Bentley rather than the Maserati. We will continue to reference the full purchase price of a Maserati throughout the motion, rather than acknowledge the scrivener's error each time.

8. Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of all process, pleadings, and orders served upon GEICO in this action is attached hereto. [*See* Exhibit "A," and Plaintiff's Notice of Service of First Interrogatories to Defendant, Plaintiff's First Request to Produce to Defendant, Plaintiff's First Request for Admissions to Defendant, Notice of Compliance with Florida Rule of Judicial Administration 2.516 and Designation of E-Mail Address, and Plaintiff's Notice of Appearance as Co-Counsel attached hereto as composite Exhibit "F"]. Pursuant to Local Rule 7.2, GEICO will file all pending motions within (7) days.

**WHEREFORE**, GEICO respectfully requests that the action now pending against it in the Circuit Court in and for Miami-Dade County, Florida, be removed therefrom to this Honorable Court, and that this Court assume full jurisdiction over the cause herein as provided by law and grant such further relief as the Court deems just and proper.

## MEMORANDUM OF LAW

The statutory requirements for removal of the present matter from state court to the United States District Court for the Southern District of Florida, Miami Division, have been met. Any civil action brought in state court may be removed by a defendant to federal court, in the district and division embracing the place where such action is pending, if the action could have originally been brought in federal court. *See* 28 U.S.C. § 1441(a); *Ayres v. General Motors Corp.*, 234 F.3d 514, 517 (11th Cir. 2000); *Rudnick v. Sears, Roebuck and Co.*, 358 F.Supp.2d 1201, 1204 (S.D. Fla. 2005). To remove an action based on diversity jurisdiction, the matter in controversy must be between citizens of different states. *See* 28 U.S.C. § 1332(a). Furthermore, the amount in controversy in a diversity action must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

When the subject matter jurisdiction requirements of 28 U.S.C. § 1332 are met, the only

remaining question is whether the removing party has satisfied the procedural requirements for removal. According to 28 U.S.C. § 1446(B), "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …" 28 U.S.C. § 1446(b); *See also Liebig v. Dejoy*, 814 F.Supp. 1074 (M.D. Fla. 1993). The defendant seeking removal bears the initial burden of alleging federal jurisdiction. *See Wright v. Continental Cas. Co.*, 456 F.Supp. 1075, 1078 (M.D. Fla. 1978). In doing so, the removing party must meet their burden through a preponderance of the evidence, which may be established by affidavit, declaration, or other evidence. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752-56 (11th Cir. 2010)); *Hall v. American Sec. Ins. Co.*, 2009 WL 2215131 *2 (S.D. Fla. July 23, 2009).

GEICO has met the statutory requirements for removal of this action to federal court; therefore, removal is proper and appropriate. It is uncontroverted that there is complete diversity of citizenship between Plaintiff and GEICO. Here, Plaintiff is a corporation incorporated in the state of Florida and GEICO is a corporation incorporated in the state of Maryland. Given that the sole plaintiff resides in a different state than the sole defendant, diversity of citizenship has been established. It is also uncontroverted that GEICO has timely filed its notice of removal within 30 days of service of Plaintiff's Complaint.

With regard to the amount in controversy exceeding $75,000.00, federal law provides that "[w]hen a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003); *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077. Moreover, if a party is seeking fees under a statute or contract, "a

4

reasonable amount of those fees is included in the amount in controversy." *Rouse v. USAA Casualty Insurance Company*, 2014 WL 12708719 (M. D. Fla. December 22, 2014)(*citing Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000); *Crescent Lumber & Shingle Company v. Rotherum*, 218 F.2d 638 (5th Cir. 1955); *Lott & Friedland, P.A. v. Creative Compounds, LLC*, 2010 WL 2044889 *2 (S. D. Fla. April 21, 2010).

In the case at bar, Plaintiff's own allegations establish that the monetary value of the object of the litigation, i.e. the Maserati, is the full purchase price of the same. In ¶12 of Plaintiff's Complaint, Plaintiff asserts that they are in need of a declaration as to insurance coverage for a rented Maserati damaged in a car accident. [*See* Exhibit "A" at 4]. Moreover, Plaintiff's wherefore clause demands the "full purchase price" of the Maserati as damages. [*See* Exhibit "A" at 5]. GEICO has presented to the Court various sources establishing that full purchase price of the Maserati is between $77,848.00 and $85,050.00. [*See* Exhibit "C"]. Without any reference to attorney's fees, this in and of itself is sufficient to establish an amount in controversy over $75,000.00. Additionally, at a minimum, Plaintiffs total attorney's fees in this matter will be $11,250.00. [*See* Exhibit "E" at 2]. Therefore, removal of this matter is clearly appropriate as the amount in controversy will be the sum of the full purchase price of the Maserati plus the reasonable amount of attorney's fees that may be recoverable under Fla. Stat. § 627.428.

Alternatively, GEICO has presented the Court with its "Estimate of Record" for the damage to the Maserati, which list the repair cost of the Maserati at $64,511.41. [*See* Exhibit "D" at 5]. The differential between the repair cost and the requisite amount in controversy is $10,488.60, which is more than covered by the minimum estimated amount of legal fees projected in this case.

In conclusion, as GEICO has established by a preponderance of the evidence that (1) there is diversity of citizenship between the parties, (2) that the amount in controversy is over $75,000, and (3) that the notice of removal was timely filed; accordingly, removal of this action to the present Court is appropriate.

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of July, 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

S/ **DEREK L. VELIZ**
**B. RICHARD YOUNG**
Florida Bar No.: 442682
bryoung@flalawyer.net
**ADAM A. DUKE**
Florida Bar No.: 0055734
aduke@flalawyer.net
**DEREK L. VELIZ**
Florida Bar No.: 113431
dveliz@flalawyer.net
Young, Bill, Boles, Palmer,
Duke & Thompson, P.A.
One Biscayne Tower, Suite 3195
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 222-7720
Facsimile: (305) 492-7729
Attorneys for GEICO

## SERVICE LIST
**Prime Exotic Rentals (a/a/o Fabiola Jeannot)**
**vs.**
**GEICO GENERAL INSURANCE COMPANY**
Case No.:

**RICHARD PATINO, ESQ.**
The Patino Law Firm
5005 LeJeune Road
Hialeah, FL 33013
service@patinolawfirm.com
Tel: 305-821-3100
Attorney for Plaintiff
*Via Electronic Mail and/or Regular U.S. Mail*

**ABDUL- SUMI DALAL, ESQ.**
Johnson Dalal, PLLC.
111 N. Pine Island Road
Suite 103
Plantation, FL 33324
Service@Johnsondalal.com
*Co-counsel for Plaintiff*